UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| QUICK TUBE SYSTEMS, INC. | ) ) ) | Case No. 23-33570 |
| Debtor. | ) ) |  |

### COMMUNICATIONS CONVEYOR CO., INC.'S MOTION TO DISMISS CASE

**COMES NOW,** Communications Conveyor Co., Inc. (**"ComCo"**), by and through its counsel, Spencer Fane, LLP, and files this, its Motion to Dismiss Case (the "**Motion**"), and in support therefore, respectfully represents as follows:

### BACKGROUND FACTS

1.  With a $2 million unsecured claim, ComCo represents the Debtor's largest secured or unsecured creditor, representing approximately 87% of all unsecureds and 59% of all creditors.

2.  In 2021, ComCo sued the Debtor, Mr. Epps, Joshua Layaou, and Jim Harris for, among other things, tortious interference with contracts and prospective contracts, misappropriate of trade secrets under the Teas Uniform Trade Secrets Act and Federal Defend Trade Secrets Act and the Computer Fraud and Abuse Act (the "**Lawsuit**").[1] The Lawsuit was trial ready on or about June 30, 2023 and was pending before the United States District Court for the Northern District of Texas.

---

[1] Communication Convery Co., Inc. d/b/a/ ComCo systems v. Joahua Layaou and Quick Tube Systems, Inc., et. al., Case No. 3:21-CV-00221-N. Statement of Financial Affairs (the "**SOFA**"), Part 3.

3. During the summer of 2023, the Lawsuit parties mediated, negotiated the terms of a settlement, and executed a final settlement agreement on or about August 9, 2023 (the **"Settlement Agreement")**. After its execution, the Lawsuit was dismissed.

4. The Debtor filed bankruptcy on September 15, 2023 (the "**Bankruptcy Case**"). The Debtor did not make a settlement payment that was due on or around that date.

5. At the first day hearing on September 18, 2023 (the "**First Day Hearing**"), Raymond Epps, the Debtor's majority shareholder and CEO testified that the Debtor filed its bankruptcy for one reason – to avoid paying ComCo pursuant the Settlement Agreement. As disclosed in the Debtor's bankruptcy schedules (the "**Schedules**"), Mr. Epps and Joshua Layaou are co-debtors for the obligations owed to ComCo under it.[2]

6. Mr. Epps also testified that he knew the Debtor would not be able to pay the Settlement Agreement payments at the time of its execution in August, but still executed the agreement thereby obtaining a substantial benefit – the agreed upon dismissal of the Lawsuit. Mr. Epps testified that the Debtor has otherwise timely paid all other creditors.

7. Notably, prior to the execution of the Settlement Agreement, the Debtor had engaged and begun paying its bankruptcy counsel – including three payments prior to its execution on August 9, 2023[3]:

---

[2] Schedule H.

[3] Statement of Financial Affairs (the "**SOFA**"), Part 6.

| | | | |
|---|---|---|---|
| **Part 6: Certain Payments or Transfers** | | | |
| **11. Payments related to bankruptcy** | | | |
| List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case. | | | |
| ☐ None | | | |
| 11.1. Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
| The Lane Law Firm | Attorney's Fee | 07/18/2023 | $5,000.00 |
| Address | Attorney's Fee | 07/24/2023 | $7,500.00 |
| 6200 Savoy Suite 1150 Street | Attorney's Fee | 08/04/2023 | $7,500.00 |
| | Attorney's Fee | 08/18/2023 | $7,500.00 |

### **RELIEF REQUESTED**

8. The Court should dismiss the Bankruptcy Case because it was not filed in good faith and represents a two-party dispute. 11 U.S.C. § 1112. The Debtor filed to avoid the obligations under the Settlement Agreement, while being able to pay all other creditors. The Bankruptcy Case and the benefits of the automatic stay are also being enjoyed by non-debtors, namely Mr. Epps and Mr. Joshua Layaou.[4]

9. A debtor's lack of good faith in filing a bankruptcy petition, is one of the non-enumerated bases for dismissing a case. "Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings." *In re Little Creek Dev. Co.,* 779 F. 2d 1068, 1071 (5th Cir. 1986) (citations omitted); *see also In re Humble Place Joint Venture,* 936 F.2d 814, 817 (5th Cir. 1991) (following *Little Creek*). As explained by the Fifth Circuit, "[t]he good faith standard protects the integrity of the bankruptcy courts and prohibits a debtor's misuse of the process where the overriding motive is to delay creditors without any possible benefit, or to achieve a reprehensible purpose through manipulation of the bankruptcy laws." *Matter of Elmwood Dev.*,

---

[4] Two other members of the Layaou family are employees of the Debtor, Tim Layaou, Sr., and Tim Layaou Jr. As a result, their first names will be used to properly identify them.

964 F.2d 508, 510 (5th Cir. 1992). Importantly, because bankruptcy provides debtors with "powerful equitable weapons," the Fifth Circuit recognizes the critical gatekeeping function that the good faith standard serves by limiting access to bankruptcy only to those debtors and creditors "with clean hands." *Little Creek*, 779 F.2d at 1072.

10.     "[G]ood faith implies an honest intent and genuine desire on the part of the petitioner to use the statutory process to effect a plan of reorganization and not merely as a device to serve some sinister or unworthy purpose." *In re Cedar Shore Resort, Inc.*, 235 F.3d 375, 379 (8th Cir. 2000) (quoting *In re Metropolitan Realty Corp.*, 433 F.2d 676, 678 (5th Cir. 1970)). A Chapter 11 petition is not filed in good faith unless it serves a valid bankruptcy purpose. *In re Nat'l Rifle Ass'n of Am.*, 628 B.R. 262, 270–71 (Bankr. N.D. Tex. 2021) (citing *Off. Comm. of Unsecured Creditors v. Nucor Corp. (In re SGL Carbon Corp.)*, 200 F.3d 154, 165 (3d Cir. 1999)).

11.     Courts have held that two-party disputes "simply have no place in bankruptcy" and can also signal a lack of good faith in filing. *In re Landmark Capital Company*, 27 B.R. 273, 281 (Bankr. D. Ariz. 1983). *See also Matter of Gilbert Broadcasting Corp.*, 54 B.R. 2, 4 (Bankr. D.N.J. 1984); *Matter of Volpe*, 53 B.R. 46, 48 (Bankr. M.D. Fla. 1985); T. Jackson, The Logic and Limits of Bankruptcy Law (Harvard University Press 1986). "Allowing the dispute to be resolved in bankruptcy confers unwarranted leverage in favor of the Debtors, without the attendant equities that normally justify that leverage." *Id.*

> Many courts have found that such filings [involving two-party disputes] violate the "good faith" prerequisite to invoking the bankruptcy court's equitable jurisdiction. *See Landmark Capital Company, supra; Matter of Volpe, supra; Matter of Roy Dawson Radio Corp., Inc.,* 70 B.R. 588, 591 (Bankr.M.D.Fla.1987). In the *Landmark Capital* case, the court found that the debtor had filed its petition for the sole purpose of preventing the secured lender from exercising its mortgage rights. There were no substantial unsecured creditors, other than the movant, and the court determined that the proceeding was in effect a two party dispute between the debtor and the movant which should be settled outside the jurisdiction

> of the bankruptcy court. The court then held that the debtor's conduct was inconsistent with the purpose, spirit, and intent of Chapter 11. *Landmark Capital Company*, supra at 279–280; *accord Matter of Roy Dawson Radio Corp., Inc*. at 591.3 This Court cannot find that an effective reorganization is possible when such a reorganization would be premised on the improper invocation of this Court's jurisdiction in the first place.

*In re Anderson Oaks (Phase I) Ltd. P'ship*, 77 B.R. 108, 112 (Bankr. W.D. Tex. 1987).

12. The benefits of bankruptcy are reserved for the "honest but unfortunate debtor." *See Grogan v. Garner,* 498 U.S. 279, 287 (1991). There is nothing "honest" nor "unfortunate" about this Debtor. The Lawsuit stems from, among other things, the Debtor's alleged theft of ComCo's trade secrets and customer list through, among others, Mr. Joshua Layou, a former ComCo employee. Comco alleges the Debtor financially benefited from its misconduct, and resolved the Lawsuit through the Settlement Agreement, which it was negotiating and executing as it was engaging and paying its bankruptcy counsel.

13. The execution and terms of the Settlement Agreement appear to have been carefully coordinated and orchestrated as part of the planned filing of the Bankruptcy Case, which also benefits non-debtors, including Mr. Epps and Mr. Joshua Layaou, whose brother and nephew are employees of the Debtor.

14. The Court should not reward this behavior by allowing the Debtor, its insider, Mr. Epps, and others to reap the benefits of the Bankruptcy Code reserved for the "honest but unfortunate" debtors. The Debtor has the ability to continue paying its other creditors and the Bankruptcy Case is diverting funds that would otherwise be available to pay ComCo in order to pay for administrative fees and expenses.

## **RESERVATION OF RIGHTS**

15. Nothing in this Motion is intended to be, or should be construed as, a waiver by ComCo of any of its rights under the Lease, the Bankruptcy Code, or applicable law. ComCo expressly

reserves all such rights, including, without limitation, the right to: (i) supplement and/or amend this Motion; and (ii) file any other motions for relief under the Bankruptcy Code.

## PRAYER

WHEREFORE, ComCo requests the Court to enter an Order dismissing the Bankruptcy Case, and for any and all further relief as it may be entitled at law and/or equity.

Date: September 27, 2023.

Respectfully Submitted,

SPENCER FANE LLP

By: /s/ *Eric M. Van Horn*
Eric M. Van Horn
Texas Bar No. 24051465 #020655
SPENCER FANE LLP
2200 Ross Ave., Suite 4800W
Dallas, Texas 75201
Telephone: (214) 750-3610
Facsimile:  (214) 750-3612
Email: ericvanhorn@spencerfane.com

***Attorneys for Communications Conveyor Co., Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service of electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to all parties in interest.

SO CERTIFIED, this the 27th day of September, 2023.

By: /s/ *Eric M. Van Horn*
Eric M. Van Horn

HOU 5186334.1