United States Bankruptcy Court
Southern District of Texas

**ENTERED**

April 10, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| QUICK TUBE SYSTEMS, INC. | § | |
| | § | |
| DEBTOR | § | BANKRUPTCY CASE NO. 23-33570 |

**ORDER CONFIRMING DEBTOR'S
PLAN OF REORGANIZATION UNDER 11 U.S.C. § 1191(b)**

On April 9, 2024, the Court held a hearing (the "Confirmation Hearing") to consider confirmation of the Plan of Reorganization for a Small Business under Subchapter V of Chapter 11 (the "Plan")[1] filed herein by Quick Tube Systems, Inc. (the "Debtor" or "QTS") on December 27, 2023 (Docket No. 108). Present or making appearances at the hearing were counsel for the Debtor, the Debtor's representative, the Subchapter V Trustee appointed in the case (hereinafter "Sub V Trustee"), counsel for certain creditors who have entered an appearance in the case, and the United States Trustee. The Court has reviewed the Plan, considered the documents admitted into evidence and the testimony of witnesses present at the hearing, considered the statements and arguments of counsel, the docket of the Bankruptcy Case, and considered any other relevant factors affecting the case as set forth on the record.

**Based upon the foregoing, the Court finds and determines as follows:**

A.     The Debtor filed this case on September 15, 2023 (the "Petition Date"), and was qualified to be a Debtor under 11 U.S.C. § 109. The Debtor was also qualified and elected to proceed as a small business debtor under Subchapter V of the Bankruptcy Code as that term is defined by 11 U.S.C. § 1182(1).

---

[1] Capitalized terms used herein without definition shall have the meanings provided for in the Plan. In addition, any term used in the Plan or this Order that is not defined in the Plan or this Order, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules.

B.	This Court has jurisdiction over the Case pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and whether it should be confirmed. Venue in the Southern District of Texas was proper on the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409.

C.	Every person or entity required to receive notice of the hearing on confirmation of the Plan, as well as the Plan voting and Plan objection deadlines set by the Court, received timely and adequate notice as required by the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 2002 and 9014 and the Bankruptcy Code.

D.	The contents of the Plan (with any modifications as set forth below) satisfy the applicable requirements of 11 U.S.C. § 1190 and any other applicable requirements of the Bankruptcy Code.

E.	The Plan (with any modifications as set forth below) and the Debtor have satisfied all applicable requirements for confirmation of the Plan under 11 U.S.C. § 1129(a), except for 11 U.S.C. § 1129(a)(8) and/or 1129(a)(10). Thus, the Plan cannot be confirmed under 11 U.S.C. § 1191(a).   However, the Plan can and should be confirmed under 11 U.S.C. § 1191(b), as the Plan (with any modifications as set forth below) does not discriminate unfairly and is fair and equitable with respect to each impaired class of claims and interests that have not accepted the Plan as required by 11 U.S.C. § 1191(c).

F.	The Plan (with any modifications as set forth below) and the Debtor have satisfied all other requirements of the Bankruptcy Code and Bankruptcy Rules necessary to confirm the Plan.

G.      The Court specifically finds that there is cause under 11 U.S.C. § 1194(b) for the Debtor to serve as the Disbursing Agent under the Plan.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AS FOLLOWS:**

1.      The Plan of Reorganization for a Small Business under Subchapter V of Chapter 11 filed by the Debtor on December 27, 2023 (Docket No. 108) and attached hereto as **Exhibit A**, is hereby **CONFIRMED** and approved in each and every respect as a non-consensual plan pursuant to 11 U.S.C. § 1191(b), with the modifications set forth below. The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order.

2.      To the extent any objections to confirmation of the Plan have not been resolved or withdrawn, any such objections are hereby denied.

3.      The effective date of the Plan shall be May 9, 2024 ("Effective Date"), notwithstanding anything to the contrary in the Plan, unless all conditions precedent to the Plan becoming effective have not been satisfied, including the payment of $87,500.00 to ComCo detailed below.

4.      In the event of a conflict between provisions of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

5.      Within three (3) days after the Effective Date, the Debtor shall serve notice of (i) entry of this Confirmation Order; (ii) the occurrence of the Effective Date; and (iii) any bar dates and any other deadlines set by the Plan ("Notice"), pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid. The Debtor shall thereafter promptly file a copy of such Notice with proof of mailing with the Court.

6.      The provisions of the Plan, and any documents executed in conjunction with the Plan, and this Confirmation Order are, as of the Effective Date, effective and binding on the Debtor, all creditors of the Debtor, and any other parties-in-interest, as well as their respective heirs, successors, assigns, or other persons claiming through them. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety subject to the modifications set forth herein. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order, subject to the modifications set forth herein, and shall have the same binding effect of every other provision in the Plan, whether or not mentioned in this Confirmation Order.

7.      The Debtor shall make the payments to creditors required by the Plan under 11 U.S.C. § 1194(b) ("Disbursing Agent").[2]  For purposes of Plan payments, each year shall begin on June 1st and end on May 31st as follows: Year 1 shall be June 1, 2024-May 31, 2025; Year 2 shall be June 1, 2025-May 31, 2026; Year 3 shall be June 1, 2026-May 31, 2027; Year 4 shall be June 1, 2027-May 31, 2028; and Year 5 shall be June 1, 2028-May 31, 2029.   The Debtor shall make all required Plan payments before the 7th of each month for secured creditors and before the 7th day of the month each quarter for the quarterly payments to unsecured creditors until all required payments have been made. The quarterly payments to unsecured creditors shall be made by the Debtor on or before September 7th, December 7th, March 7th, and June 7th of each year.   If the Debtor fails to make all required Plan payments by the deadline, the Debtor shall provide notice by electronic mail to the Sub V Trustee at smayer@smayerlaw.com   and Debtor's counsel at chip.lane@lanelaw.com and/or notifications@lanelaw.com.. If Debtor fails to make the

---

[2]  Any references to the Disbursing Agent herein shall mean the Debtor and vice versa.

required Plan payment within seven (7) days of the notice, the Debtor shall immediately file a notice of default with the Court and serve it by U.S. first class mail, postage prepaid, upon all creditors and parties in interest.

8.      The Debtor shall file a report six (6) months after the Effective Date and every six (6) months thereafter detailing payment payments made by the Debtor and disbursements made under the Plan.

9.      Within fourteen (14) days of entry of this Order, the Debtor shall provide the Sub V Trustee and Debtor's counsel with a list of allowed claims, associated account numbers, the amount of such claims, and the correct mailing address for the Debtor to send plan payments. If there are any disputed claims, the Debtor shall provide a separate list of such disputed claims and an estimated date of resolution. The Debtor shall file a certificate of service indicating that the claim information required by this paragraph has been timely served on the Sub V Trustee and Debtor's Counsel. Such claim information shall be provided by the Debtor or the Debtor's counsel to any creditor or party in interest upon request.

10.     Except as otherwise provided in the Plan, no distributions will be made with respect to a disputed claim until the resolution of such dispute by settlement or final order. The provisions of this section are not intended to restrict payment of any allowed claims which are not disputed. Until a disputed claim is resolved, the Disbursing Agent shall hold any portion of plan payments that would be disbursed to the claimant if the claim were allowed in full, subject to a final resolution of the disputed claim. Upon resolution in favor of the allowed claim, the Disbursing Agent will distribute withheld funds to the claimant within the next payment period. If the disputed claim is disallowed, the Disbursing Agent will make withheld funds available to allowed claim holders in accordance with the terms of the Plan within the next payment period.

11.     Disbursements may be delivered by the Disbursing Agent to (i) the address list provided by the Debtor under paragraph 8; (ii) the address for payment set forth on a proof of claim filed by the claimant or its authorized agent; or (iii) at the address set forth in any written notices of change of address delivered to the Disbursing Agent. If any distribution to a claimant of an allowed unsecured claim is returned to the Disbursing Agent as undeliverable, no further distributions shall be made to such claimant unless and until the Disbursing Agent is notified in writing of such claimant's correct mailing address, at which time all currently due distributions shall be made to such claimant as soon as practicable. Undeliverable distributions shall remain in the possession of the Disbursing Agent until such time as a distribution becomes deliverable and shall not be supplemented with any interest, dividends, or other accruals of any kind. If, despite reasonable effort, the Disbursing Agent is unable to obtain the information necessary to deliver a distribution within six (6) months following the return of the undeliverable distribution, the Disbursing Agent shall deposit the amount with the Clerk of the Court in accordance with 11 U.S.C. § 347(a).

12.     The Debtor and its respective agents and attorneys are hereby authorized, empowered, and directed to carry out the provisions of the Plan and to perform the acts and execute and deliver the documents as are necessary or appropriate in connection with the Plan and this Order.

13.     Nothing in this Confirmation Order or the Plan shall in any way operate to, or have the effect of, impairing or extinguishing in any respect any causes of action disclosed on Debtor's schedules or arising under chapter 5 of the Bankruptcy Code or any other claims or defenses owned by the Debtor on the Effective Date, and the Debtor shall retain such claims as provided in the Plan, including any claims or defenses that may not have been defined in the Plan but are

nonetheless owned by the Debtor on or before the Effective Date. After the Effective Date, the

Debtor may, in accordance with the terms of the Plan, evaluate and determine whether to pursue

any such retained claims.

14.      Except as otherwise expressly provided in the Plan, all payments and other

distributions to be made under the Plan shall be timely and proper if mailed by first class mail on

or before the date of distribution provided for in the Plan to the address listed in the creditor's

proof of claim filed in this case, or, if no proof of claim is filed, to the creditor's last known mailing

address.

15.      Pursuant to 11 U.S.C. § 1192, within thirty (30) days of the filing of the Sub V

Trustee's NDR or TFR, the Debtor shall file a motion for entry of the discharge order.   In the

motion for entry of discharge, the debtor shall certify that (1) all payments required under the

confirmed plan have been made, (2) all administrative expenses, including the approved fees and

expenses of the Subchapter V Trustee have been paid in full, and (3) that the debtor is entitled to

entry of discharge.

16.      The Debtor and all holders of Claims and Interests are bound by the Plan within the

meaning of 11 U.S.C. § 1141.

17.      The Court shall retain jurisdiction of this case for all purposes provided in 11 U.S.C.

§§ 1127(b) and 1142, and Bankruptcy Rule 3020(d).

18.      All property of the estate shall remain vested in the estate until the Debtor

completes all the payments under the Plan and a discharge is entered herein. In addition, property

of the estate shall include all property identified in 11 U.S.C. § 1186.

19.      This Confirmation Order is a final order and effective and enforceable immediately

upon entry and the period in which an appeal must be filed shall commence upon the entry hereof.

20.     The following Nonmaterial Plan Modifications are hereby approved, notwithstanding anything to the contrary in the Plan or this Confirmation Order:

**Class 2 Claimants:**

Notwithstanding anything contrary to the plan, Debtor shall pay Harris County's secured claim in full on or before the Effective Date. Post-petition statutory interest will accrue twelve percent (12%) per annum from the Petition Date until the taxes are paid in full.

In the event the Reorganized Debtor sells, conveys, or transfers any of the properties which are the collateral of the Harris County claim and/or post-confirmation tax debt, the Reorganized Debtor shall remit such sales proceeds first to Harris County to be applied to the Harris County tax debt incident to any such property/tax account sold, conveyed, or transferred and the closing agent shall disburse such proceeds at the time of closing to Harris County before any disbursement of the sale proceeds to any other person or entity.

The Reorganized Debtor may pre-pay the pre-petition tax debt to Harris County at any time. The Reorganized Debtor shall have sixty (60) days from the Effective Date to object to the Harris County's claim; otherwise, the Harris County claim shall be deemed as an allowed secured claim in the amount of its Proof of Claim.

Harris County shall retain its statutory lien securing its pre-petition and post-petition tax debts until the tax debt is paid in full. Reorganized Debtor shall pay all post-petition ad valorem tax liabilities (tax year 2024 and subsequent tax years) owing to Harris County in the ordinary course of business as such tax debt comes due and before they become delinquent without the need of Harris County to file an administrative expense claim and/or request for payment.

Should the Reorganized Debtor fail to make the payment as required in this Plan, Harris County shall provide written notice of that default by sending written notice by first class mail to Reorganized Debtor and Debtor's attorney advising of that default and providing the Reorganized Debtor with a period of five (5) calendar days to cure the default. If the default is not cured within five (5) days, Harris County may, without further order of this Court or notice to the Reorganized Debtor, pursue all of its rights and remedies available to it under the Texas Property Tax Code to collect the full amount of all taxes, penalties and interest owed. The Reorganized Debtor shall be entitled to no more than one (1) Notice of Default. In the event of a second (2nd) default, Harris County may pursue all rights and remedies available under the Texas Property Tax Code in state district court without further order of this Court or further notice to the Debtor.

**Class 3 Claimants:**

**3-1 Chrysler Capital (Claim No. 5-1)** filed a proof of claim in the secured amount of $5,295.90. Chrysler Capital is secured by a 2018 Dodge Ram ProMaster Van. Debtor will pay the secured claim amount the amount of $5,295.90 over sixty (60) equal monthly payments of $111.22 at 9.50% per annum. Payments will begin thirty (30) days after the Effective Date of the Plan. The validity, priority and extent of the lien and security agreement securing Santander's allowed secured claim shall remaining in full force and effect following the Effective Date.

**3-3 Cadence Bank aka Bancorp South Bank (Claim No. 12-3)** filed a proof of claim in the allegedly secured amount of $1,117,504.68. The claim is secured by Debtor's assets and Cadence Bank aka Bancorp South Bank filed a UCC Lien which puts their claim in Position 1.   Debtor will pay the secured claim in full based on the current liquidation values of the assets in the amount of $1,117,504.68 over sixty (60) equal monthly payments of $22,927.32 at 8.50% per annum. Payments will begin thirty (30) days after the Effective Date of the Plan.

**Class 4 Claimants:**

Communications Conveyor Co., Inc. ("ComCo") filed Claims 18 and 19 (the "ComCo Claims") in the amounts of $24,385.55 and $2,000,000.00, respectively.   The Debtor agrees that the ComCo Claims are deemed valid and shall not object the ComCo Claims nor assign any objection rights or causes of action against ComCo to any third party or other creditors. Plan payments to ComCo shall be, at least: $13,732.96 per quarter for the first year, $19,893.54 per quarter for the second year, $25,669.08 per quarter for the third year, $31,444.63 per quarter for the fourth year; and $37,605.21 per quarter for the fifth year. Those amounts are the previously disclosed pro-rata distribution as set forth in Debtor's Plan. The Plan payments to ComCo shall be made electronically by wire transfer pursuant to the same wire transfer instructions as contained in the CSRA defined herein.

Notwithstanding anything to the contrary in the Plan, the Debtor and ComCo have further agreed that the Debtor shall be entitled only one (1) notice of default from ComCo instead of the two (2) as notice of default provided by the Plan, and any notice of default pursuant to the Plan may be made by electronic mail to The Lane Law Firm at chip.lane@lanelaw.com and/or notifications@lanelaw.com. ComCo shall not be required to send any notice of default in writing by mail or other physical delivery method. Upon a second default, the automatic stay and any other related injunction, including the Plan Injunction at Art. VIII.E of the Plan as it relates to ComCo shall be automatically terminated and ComCo shall be entitled to exercise all rights and remedies against the Debtor, including pursuit of all amounts owed to ComCo, including amounts owed pursuant to the Confidential Settlement and Release Agreement (the "CSRA") executed on or about August 3rd and 9th of 2023 by ComCo, QTS, QTS of Texas, LLC ("QTST"), Ray Epps, Jim Harris and Josh Layaou.

Nothing in the Plan or this Order modifies, amends, alters, or impacts the rights ComCo has against any third parties whatsoever, including rights against Ray Epps, QTST, Jim Harris and Josh Layaou pursuant to the CSRA, including all rights ComCo has against Ray Epps, QTST, Jim Harris and Josh Layaou on account of QTS' failure to make the required payments and Accelerated Payment (as defined by the CSRA) pursuant to the CSRA.

ComCo and the Debtor were engaged in litigation prior to the bankruptcy filing, which culminated in the CSRA reached shortly before the bankruptcy filing.   In its Motion to Dismiss [ECF No. 28], Objection to Confirmation [ECF No. 126], and the Adversary Proceeding [Adv. Pro. No. 23-03269], ComCo has raised issues related to the CSRA and the validity of the Debtor's bankruptcy filing.   Continued litigation between ComCo and the Debtor would be costly, time consuming and detrimental to the Debtor, its estate or its creditors.   Accordingly, without an admission by either ComCo or the Debtor regarding their respective positions, to resolve the aforementioned Motion to Dismiss, Objection to Confirmation and Adversary Proceeding, ComCo and the Debtor have agreed that, as a condition precedent to the Plan becoming effective and in addition to ComCo's scheduled Plan distributions, the Debtor shall make a lump sum payment of $87,500.00 to ComCo electronically by wire transfer within twenty-one (21) days of the signing of this Confirmation Order.   ComCo further agrees that, upon receipt of that payment, ComCo will file with the Court a notice of compliance with this lump sum payment requirement.

ComCo and Debtor have further agreed that the Debtor shall not assign, sell or transfer any cause of action that existed pre-petition without notice to ComCo and allow ComCo fourteen (14) days to object.   If ComCo does not timely object, then the Debtor may proceed to sell or assign that cause of action.   Should ComCo object, the Debtor shall not assign, sell or transfer said cause of action without further order of the Court or agreement by ComCo, and the Debtor shall not oppose a motion to reopen the case by ComCo to, *inter alia*, seek derivative standing in the event that ComCo believes the Debtor should pursue a cause of action or objection to a proof of claim and the Debtor does not wish to pursue. Further, the Debtor shall not oppose a motion to reopen the case by ComCo in the event that ComCo identifies a cause of action or claim objection and requests the Debtor to pursue said cause of action or claim objection, but that the Debtor refuses to pursue, so that ComCo may, *inter alia*, seek derivative standing to pursue said cause of action or claim objection.

Signed: April 10, 2024

Jeffrey P. Norman
United States Bankruptcy Judge

10

SUBMITTED BY:

THE LANE LAW FIRM, PLLC

*/s/Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Joshua D. Gordon
State Bar No. 24091592
Joshua.gordon@lanelaw.com
6200 Savoy, Suite 1150
Houston, Texas 77036
(713) 595-8200 Voice
(713) 595-8201 Facsimile
COUNSEL FOR DEBTOR